IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GOYA FOODS, INC., *et al.*,

    Plaintiffs,

    v.

GOLLA OY, *et al.*,

    Defendants.

Civil No. 12-1859 (GAG/BJM)

**MEMORANDUM AND ORDER**

    In an amended complaint, Goya Foods, Inc. ("Goya") and Goya de Puerto Rico, Inc. ("Goya PR") sued Golla Oy, Golla USA Inc. ("Golla USA"), Best Buy Stores Puerto Rico, LLC ("Best Buy PR"), and Best Buy Stores, L.P. ("Best Buy"), alleging trademark infringement and unfair competition under the Lanham Act and Puerto Rico law. Docket No. 35 ("Compl."). Golla Oy moved to dismiss or transfer for lack of personal jurisdiction, improper service of process, and improper venue. Docket No. 12. Plaintiffs opposed (Docket No. 19), Golla Oy replied (Docket No. 22), and plaintiffs sur-replied (Docket No. 32). Golla USA recently moved to dismiss or transfer for lack of personal jurisdiction and improper venue. Docket No. 53. The motions were referred for a report and recommendation. Docket Nos. 14, 54.

    Plaintiffs requested discovery to develop the evidentiary basis for their allegations of personal jurisdiction over Golla Oy. Docket No. 19 at 29. Where there are colorable grounds for personal jurisdiction, a plaintiff may be allowed limited discovery to secure evidence refuting a defendant's jurisdictional objection. *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 625-26 (1st Cir. 2001). But the court may greatly restrict the range of available methods at this

stage. *See Sunview Condo. Assoc. v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964 n.3 (1st Cir. 1997). What's more, suits involving foreign parties require courts to exercise "special vigilance" and "the most careful consideration" to prevent discovery abuses and give due weight to concerns of international comity. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S.D. Iowa*, 482 U.S. 522, 546 (1987).

Here, plaintiffs invoke the doctrine of specific personal jurisdiction, which requires proof that (1) the plaintiff's claims relate to the defendant's contacts with the forum, (2) those contacts reflect "purposeful availment" of benefits provided by the forum's law; and (3) jurisdiction is reasonable in light of certain other factors. *See United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992). The complaint alleges Golla Oy applied for Puerto Rico trademarks on GOLLA, advertised the names of Puerto Rico retailers selling GOLLA goods, and made GOLLA products available for sale in Puerto Rico. Docket No. 35, ¶¶ 34-52. Golla Oy argues these contacts are too attenuated to support jurisdiction because it does not control the path by which products end up in Puerto Rico, and because it does not intend to advertise to consumers. *See* Docket No. 12 at 8-13 and Docket No. 22 at 5–7. Plaintiffs counter, *inter alia*, that Golla Oy cannot hide behind a distribution chain to avoid a finding that it has targeted Puerto Rico for its goods. *See* Docket No. 19 at 11-15.

On balance, I find that plaintiffs' contentions are colorable enough to justify the burden of limited discovery. The objecting defendants are in the best position to provide information about the nature and intent of any contacts with Puerto Rico, and the statements of Golla Oy's officers are too open-ended to foreclose further inquiry. While Golla USA's motion has not yet been opposed and plaintiffs have not expressly sought jurisdictional discovery from it, the case can be streamlined by permitting limited discovery from Golla USA as well.

Goya Foods, Inc. v. Golla Oy, Civil No. 12-1859 (GAG/BJM)                                                                                       3

Based on its status as a party, its assertion of a jurisdictional challenge, and the likelihood that determining the Golla defendants' personal jurisdiction will require facts to be considered in common, it would not be unfair to permit discovery against it on the same terms.

To help determine whether this court has personal jurisdiction over Golla Oy and Golla USA Inc., the parties are **ORDERED** as follows.

Plaintiffs may serve written discovery—written interrogatories under Rule 33, requests for production under Rule 34, or requests for admission under Rule 36—on Golla Oy and Golla USA Inc.  The scope of this discovery is strictly limited to a minimum contacts analysis of (1) the www.golla.com web site, (2) the channels through which Golla-branded products are sold to Puerto Rico consumers, and (3) the Golla trademark applications with the Puerto Rico Secretary of State.[1]  Plaintiffs may choose to pursue one, two, or all three of these topics, but they are limited to **ten items of discovery per discovery device, per defendant**, counting subparts as distinct items.  To expedite the court's determination and spare the defendants unnecessary delay, plaintiffs must serve any requests **before 5:00 p.m. AST on Monday, May 6, 2013.**  The time for responses is **reduced** from thirty days to twenty-one days after service of the request.  *See* Fed. R. Civ. P. 33(b)(2) and R. 36(a)(3).  Personal jurisdiction may be deemed admitted as a sanction for delay.  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982); R. 37(b)(2)(A).

Golla USA's motion to dismiss has not yet been opposed, and the court would be better served if any opposition incorporates this discovery.  Accordingly, the time for plaintiffs to oppose Golla USA's motion will be **extended to 5:00 p.m. on Monday, June 3, 2013.**

---

[1] Given the commercially sensitive nature of the information at issue, the court strongly suggests that the parties agree on a simple protective order regarding this limited discovery.

Goya Foods, Inc. v. Golla Oy, Civil No. 12-1859 (GAG/BJM)                                                            4

Since Golla Oy's motion has been fully briefed, the court need only consider simultaneous briefs arguing the application of any newly-discovered facts to those grounds.  **Simultaneous briefs regarding Golla Oy are due by 5:00 p.m. on Monday, June 3, 2013.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of April, 2013.

                                                    *S/ Bruce J. McGiverin*
                                                  BRUCE J. MCGIVERIN
                                                  United States Magistrate Judge