**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **GOYA FOODS INC., et al,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **GOLLA OY, et al.,** <br><br> **Defendants.** | **CIVIL NO. 12-1859 (GAG)** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On December 17, 2012 and April 17, 2013, Defendants filed two motions to dismiss for lack of personal jurisdiction and insufficient service of process or in the alternative, to transfer to the Northern District of Illinois.  The court referred the motions to Magistrate Judge McGiverin for a report and recommendation.  Judge McGiverin initially denied the motion to transfer (Docket No. 55), then ordered jurisdictional discovery regarding the issue of personal jurisdiction (Docket No. 56).  After conducting discovery and full briefing by the parties, Judge McGiverin issued this Report and Recommendation.  (Docket No. 91.)  The parties were required to lodge any objections to this Report and Recommendation by September 9, 2013; however, no parties chose to do so.

After reviewing the Report and Recommendation and submissions of the parties, the court hereby **ADOPTS** the Report and Recommendation and **DENIES** Defendants' motions to dismiss at Docket Nos. 12 and 53.

**Civil No. 12-1859 (GAG)**

1

**SO ORDERED.**

2

In San Juan, Puerto Rico this 13th day of September, 2013.

3

4

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**GOYA FOODS, INC.**, *et al.*,

    Plaintiffs,

    v.                                 Civil No. 12-1859 (GAG/BJM)

**GOLLA OY**, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

In an amended complaint, Goya Foods, Inc. ("GFI") and Goya de Puerto Rico, Inc. ("GPR") sued Golla Oy,[1] Golla USA Inc. ("Golla USA"), Best Buy Stores Puerto Rico, LLC ("Best Buy PR"), and Best Buy Stores, L.P. ("Best Buy"), alleging trademark infringement and unfair competition under the Lanham Act and Puerto Rico law. Docket No. 35 ("Compl."). Golla Oy and Golla USA moved to dismiss for lack of personal jurisdiction and improper venue, or in the alternative for transfer of venue. Docket Nos. 12 and 53. Golla Oy also moved to dismiss for improper service of process. Docket No. 12. This matter was referred for report and recommendation. Docket Nos. 13 and 54. Golla Oy's motion to transfer was denied. Docket No. 55. Subsequently, I authorized limited jurisdictional discovery, Docket No. 56, after which the parties submitted additional memoranda. Docket Nos. 78–80. For the reasons that follow,

---

[1] "Oy" is short for "Osakeyhtiö," a business entity under the laws of Finland with non-public shares and limited liability. *See* Harold S. Bloomenthal & Samuel Wolff, 10C International Capital Markets & Securities Regulation § 52A:11 (Westlaw 2013).

defendants' motions to dismiss should be **DENIED**. Furthermore, defendant Golla USA's motion to transfer is **DENIED**.

## BACKGROUND

Golla Oy is a Finnish limited liability company that designs and sells carrying cases and similar accessories for portable electronics. Docket No. 12-2, ¶¶ 3-4. Its world headquarters is in Helsinki. *Id.*, ¶ 2. Its founder, manager, and chief executive officer is Petri Kähkönen, who lives and works in the Espoo/Helsinki area. *Id.*, ¶ 32. The summons and complaint were served on Arthur J. DeBaugh, Golla Oy's attorney and domestic representative in connection with its trademark application before the Patent and Trademark Office, in October 2012. Docket No. 12-1, ¶ 6. Golla Oy was also served with the summons and original complaint on January 31, 2013 by service on its agent in Chicago, Illinois. Docket No. 26.

Golla USA Inc. is a Delaware corporation based in Chicago, Illinois. Docket No. 12-2, ¶¶ 23-26. Its vice president, sales director, computer servers, files, and business records are there, and all Golla business in the Americas is managed from Chicago. *Id.*, ¶¶ 25-31. Golla products enter the United States from China, and are mostly handled by a third party in Washington State. Some inventory is kept in Elgin, Illinois as well. *Id.*, ¶ 27.

Golla Oy has shipped its products directly to vendors in Puerto Rico at least four times since 2005. Docket No. 80-2. As of 2008, Golla products were sold in T-mobile stores in Puerto Rico. Docket No. 80-3, at 8. Heli Siljamaki, then Golla Oy's Sales Director for North and Latin America, emailed a T-mobile

Puerto Rico employee to understand how Golla products were selling in its stores.  *Id.* at 6.  In September 2009, Golla Oy filed three trademark applications with Puerto Rico's Department of State, but later withdrew the applications in October 2012.  Docket Nos. 22-1 and 22-2.  In August 2009, Siljamaki, who was now Sales Director for Golla USA, assisted Golla Oy with the trademark applications by contacting another T-mobile Manager to find out the number of T-mobile stores in Puerto Rico.  Docket No. 80-3, at 2.  Earlier in 2009, Golla USA designated Best Buy as an authorized dealer and granted Best Buy a license to use the Golla trademark for the promotion and sale of Golla products.  Docket No. 80-5, at 1, 4.  In March 2010, Siljamaki emailed another T-mobile employee, asking whether T-mobile Puerto Rico was interested in ordering some of Golla's new products.  Docket No. 80-3, at 4.

As of January 28, 2013, Golla's website (www.golla.com) listed three retailers in Puerto Rico carrying Golla-branded products: "BestBuy," "T-Mobile," and "Sears."  Docket No. 19-1, at 5.   The website is owned and maintained by Golla Oy.  Docket No. 53-1, ¶ 18.  Golla Oy designed its site as a way of attracting new distributors and retailers, rather than as a way for consumers to find Golla products.  Docket No. 22-1, ¶¶ 7-8, 10.  The site does not offer online sales.  *Id.*, ¶ 11.  Plaintiffs' agent purchased Golla products at Best Buy, Kmart, and Sears stores in the San Juan metro area in April and December 2012.  Docket No. 19-2.

GFI is a Delaware corporation with its headquarters in Secaucus, New Jersey.  Compl., ¶ 1.  GFI produces food and beverage products carrying the

Goya brand. *Id.*, ¶¶ 20–22. GPR is GFI's Puerto Rico affiliate located primarily in Bayamon, Puerto Rico. *Id.*, ¶¶ 2–3.

Best Buy Stores Puerto Rico, LLC, is a limited liability company organized under Puerto Rico law. Compl., ¶ 8. Best Buy Stores, L.P. is a Virginia corporation with its principal place of business in Minnesota. *Id.*, ¶ 9.

Plaintiffs' amended complaint asserts the following claims against all defendants: (1) trademark infringement under federal law; (2) trademark dilution under federal law; (3) false designation of origin under federal law; (4) trademark infringement under the laws of Puerto Rico; (5) unfair competition and dilution under the laws of Puerto Rico; (6) trade name infringement and unfair competition under the laws of Puerto Rico; (7) damage to goodwill and reputation under Puerto Rico law; and (8) violation of Puerto Rico intellectual and moral rights laws. Compl., ¶¶ 53–76.

## DISCUSSION

Golla Oy and Golla USA separately moved to dismiss, or in the alternative, for transfer to the Northern District of Illinois.

In its motion to dismiss, Golla USA maintains it is a separate entity from Golla Oy and an independent basis for personal jurisdiction is required. Because conspiracy jurisdiction has not been clearly recognized in this circuit, *Glaros v. Perse*, 628 F.2d 679, 682 n. 4 (1st Cir. 1980); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 245 F. Supp. 2d 145, 158 (D. Me. 2004), and plaintiffs have failed to allege specific facts that would support a conspiracy theory of personal jurisdiction, *In re Lupron Mktg. & Sales Practices Litig.*, 245 F. Supp. 2d 280, 294 (D.

Mass. 2003) ("[D]ue process requires more than a bare allegation of the existence of a conspiracy"), I decline to apply it here.  Moreover, plaintiffs have not proffered direct evidence sufficient to overcome the strong presumption of corporate separateness.  *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir. 1980) (noting the presumption must be overcome by "clear evidence"). Therefore, I will consider plaintiffs' arguments for personal jurisdiction over each defendant separately.

## I.      Burden of Proof

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving the court's jurisdiction over the defendant.  *See Negrón-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 23 (1st Cir. 2007).  Most commonly, the plaintiff must make a prima facie showing, that is, proffer "evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction."  *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 51 (1st Cir. 2002).  The defendant may put forward undisputed facts to rebut plaintiff's prima facie showing, but any factual disputes are construed in the plaintiff's favor when deciding the jurisdictional question.  *Id*.  The court, however, does not "credit conclusory allegations or draw farfetched inferences." *Ticketmaster-New York v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994).

Alternatively, the court may hold an evidentiary hearing and make findings of fact to "adjudicate the jurisdictional issue definitively before the case reaches trial."  *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 146 (1st Cir. 1995).  But such a hearing is only needed where a party so requests and

where "issues of credibility are presented and must be resolved to determine an issue of fact material to the court's disposition." *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 676 (1st Cir. 1992).

Here, factual disputes and issues of credibility are not seriously implicated so as to require live testimony to make a determination. Therefore, I will apply the prima facie standard in evaluating whether plaintiffs have met their burden of establishing a basis for personal jurisdiction.

## II.    Personal Jurisdiction

The court may exercise jurisdiction over a non-resident defendant through general or specific jurisdiction. *United States v. Swiss Am. Bank*, 274 F.3d 610, 618 (1st Cir. 2001). "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992). To prevail on a claim of specific jurisdiction, a plaintiff must show that the defendant has sufficient minimum contacts with the forum such that he should anticipate being haled into court there. *See id.* at 1089. Plaintiffs do not contend that this court has general jurisdiction over the defendants. Rather, GFI and GPR (collectively, "Goya") assert that Golla Oy and Golla USA are subject to the jurisdiction of this court by virtue of Puerto Rico's long-arm statute. Docket No. 19, at 6.

Due process "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no

meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Due process considerations are satisfied where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.  Where a case is brought under federal question jurisdiction, the plaintiff must show that (1) the exercise of personal jurisdiction comports with the Fifth Amendment Due Process Clause, and (2) the defendant is subject to service of process under a federal statute or rule.  *United Elec.*, 960 F.2d at 1085. Under the Fifth Amendment Due Process Clause, the defendant need only have adequate contacts with the United States as a whole, rather than with any particular state.  *Id.*  However, under Fed. R. Civ. P. 4(k)(1), service of process is effective only if: (i) the defendant could be subject to the jurisdiction of the courts in the state in which the district court is located, or (ii) personal jurisdiction is authorized by federal statute.  *Id.* at 1085–86.

No federal statute authorizing nationwide service of process applies here. Moreover, Goya does not allege that Golla Oy or Golla USA are domiciled or doing business in Puerto Rico such that they could be subject to the general jurisdiction of the Commonwealth.  Thus, jurisdiction over the defendants must be based on Puerto Rico's long-arm statute.

Puerto Rico's long-arm statute has been construed to extend "as far as the Federal Constitution permits."  *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994). Thus, so long as defendants have sufficient minimum contacts with Puerto Rico

to satisfy due process, this court may assert jurisdiction over defendants. Minimum contacts in this circuit consists of three distinct elements: relatedness, purposeful availment, and reasonableness:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*United Elec.*, 960 F.2d at 1089.  Each prong shall be discussed in turn.

## A.    Relatedness

Relatedness requires that the dispute between the parties "arise out of, or be related to, the defendant's forum-based activities."  *Ticketmaster*, 26 F.3d at 206.  The relatedness prong is a flexible standard that "focuses on the nexus between the defendant's contacts and the plaintiff's cause of action."  *Id.*  Where the defendant's "forum-related activity is itself the cause and object of the lawsuit," the relatedness inquiry is satisfied.  *Pritzker*, 42 F.3d at 61.  The conduct need not be a "strict" proximate cause, but "a broad 'but-for' argument is generally insufficient."  *Harlow v. Children's Hosp.*, 432 F.3d 50, 61 (1st Cir. 2005).  With regard to the tort of trademark infringement, "courts in this circuit have held that trademark infringement via a continuously available Internet web site satisfies the relatedness requirement."  *Swarovski Optik N. Am. Ltd. v. Euro Optics, Inc.*, No. 03-090ML, 2003 WL 22014581, at *5 (D.R.I. Aug. 25, 2003) (collecting cases).

Here, Golla Oy's contacts with Puerto Rico indicate a general causal nexus with Goya's claims. In its amended complaint and filings, Goya asserts that Golla Oy is committing trademark infringement through (1) the filing of three trademark applications with the Department of State of Puerto Rico, Docket No. 19-3, (2) the advertising of infringing products on Golla's website, which is accessible to consumers in Puerto Rico, Docket No. 19-1, and (3) sales of infringing products in Puerto Rico, Docket No. 19-2. Golla Oy's filing of three trademark applications with Puerto Rican authorities is clearly forum-based activity that gives rise to or is related to Goya's trademark infringement claims. In addition, the advertising and use of the Golla trademark on its website, although not maintained in Puerto Rico, gives rise to trademark infringement injuries in Puerto Rico—namely, confusion borne by Puerto Rican consumers (assuming Goya's trademark infringement claims are taken as true). *Swarovski Optik*, 2003 WL 22014581, at *5. Finally, because Golla Oy has shipped its products directly to vendors in Puerto Rico at least four times since 2005, Docket No. 80-2, Golla Oy could reasonably foresee their sale to end consumers and attendant consequences (economic as well as legal) in Puerto Rico.

Similarly, Golla USA's marketing and sales activities are direct causes of Goya's trademark infringement suit. In a 2009 contract, Golla USA designated Best Buy as an authorized dealer and granted Best Buy a license to use the Golla trademark for the promotion and sale of Golla products. Docket No. 80-5, at 1, 4. Golla USA's contract with Best Buy directly led to the marketing and sale of Golla products in Puerto Rico, which is one source of the alleged infringement.

Additionally, in an effort to assist Golla Oy with its trademark applications before Puerto Rico's Department of State, Heli Siljamaki, Sales Director for Golla USA, contacted a T-mobile Manager to determine the number of T-mobile stores in Puerto Rico.  Docket No. 80-3, at 2.  Although Golla USA did not directly file the trademark applications, it assisted Golla Oy in the application process and thus its actions also directly relate to Goya's trademark infringement suit.  Taken as a whole, construing all disputed facts in favor of the plaintiffs, *Ticketmaster*, 26 F.3d at 203, this trademark infringement dispute arises out of or is related to Golla Oy and Golla USA's Puerto Rico-directed activities.   The relatedness element of minimum contacts is satisfied.

### B.    Purposeful Availment

Next, the plaintiff must show that the defendants' contacts with the forum state constitute purposeful availment of the benefits and protections afforded by the forum state's laws.  *See Adelson v. Hananel*, 510 F.3d 43, 50 (1st Cir. 2007).  The purposeful availment requirement is meant to ensure that "jurisdiction is not based on merely 'random, isolated or fortuitous' contacts with the forum state." *Id.* (quoting *Sawtelle v. Farrell*, 70 F.3d 1381, 1391 (1st Cir.1995)).   Two key concepts here are voluntariness and foreseeability.  *Adelson*, 510 F.3d at 50.  The defendant's contacts with the forum state must be voluntary and "not based on the unilateral actions of another party."   *Id.*   Additionally, the defendant's contacts must be such that it is foreseeable that she may be called to answer in the forum state's courts.  *Id.*

Jurisdiction cannot be avoided "merely because the defendant did not *physically* enter the forum State." *Burger King*, 471 U.S. at 476. However, placing one's products into the stream of commerce and "mere awareness" that they may end up in the forum state does not constitute purposeful availment. *Boit*, 967 F.2d at 683. Similarly, sale by an "independent distributor" in the forum state generally does not constitute contacts by the manufacturer. *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H & Co. Kg.*, 295 F.3d 59, 64 n.3 (1st Cir. 2002). Something more is needed to show defendant purposefully engaged in activities directed at the forum state, such as: designing the product for the forum state, advertising in the forum state, establishing channels for providing regular advice to forum-state customers, or working with a distributor who specifically agreed to serve the forum state. *Boit*, 967 F.2d at 683 (citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 112 (1987) (O'Connor, J, plurality opinion)). Finally, for purposes of evaluating specific jurisdiction, "contacts should be judged when the cause of action arose, regardless of a later lessening or withdrawal" from the forum state. *Cambridge Literary*, 295 F.3d at 66.

To be sure, Golla Oy's placement of its products into the stream of commerce (sales to nationwide retailers, such as Best Buy or K-Mart) by itself is insufficient to constitute purposeful availment, *Boit*, 967 F.2d at 683, since the unilateral actions of Golla Oy's distributors caused those products to arrive in Puerto Rico. Golla's website, by itself, is likewise insufficient to satisfy the requirements of due process. While the website has a page indicating where Golla products could be found in Puerto Rico, www.golla.com is a passive

website; it can be accessed anywhere in the world, and it demonstrates no intent to serve Puerto Rico more than any other region.  *Sun Life Assur. Co. of Can. v. Sun Bancorp, Inc.*, No. 11-12013-FDS, 2012 WL 4764588, at *7 (D. Mass. Oct. 4, 2012) (finding defendants did not purposely avail themselves of Massachusetts when defendants' website "contains generic advertising that is no more likely to solicit customers in Massachusetts than anywhere else").

On the other hand, Golla Oy on at least four occasions directly shipped products to vendors in Puerto Rico.  Moreover, Golla Oy's trademark applications with the Department of State of Puerto Rico, filed in September 2009, evince "an intent or purpose" to serve the Puerto Rican market.  *Asahi*, 480 U.S. at 112.  *Benitez-Allende v. Alcan Aluminio do Brasil, S.A.* is instructive.  857 F.2d 26 (1st Cir. 1988).  In *Benitez-Allende*, a Brazilian pressure cooker manufacturer asserted that it lacked sufficient contacts with Puerto Rico to be subject to the court's jurisdiction.  *Id.* at 29.  Relying on *Asahi*, the First Circuit disagreed and held that the Brazilian manufacturer purposefully availed itself of Puerto Rico's benefits when it placed its products into the stream of commerce and contacted a sales agent to discuss a marketing strategy for Puerto Rico.  *Id.*  The manufacturer's marketing efforts targeting Puerto Rico pushed its forum-directed activities over the minimum contacts threshold.  *Id.* at 30.

Like the marketing efforts in *Benitez-Allende*, Golla Oy's direct shipments and trademark applications are deliberate efforts to serve the Puerto Rican market.  The fact that Golla Oy may have since withdrawn their trademark application is irrelevant because the minimum contacts inquiry is to be made as

of when the cause of action arose.[2]      *Cambridge Literary*, 295 F.3d at 66. Additionally, in 2008, Heli Siljamaki, then Golla Oy's Sales Director for North and Latin America, emailed a T-mobile Puerto Rico employee asking how Golla products were selling in its stores.  Docket No. 80-3, at 6.  In the end, Golla's communication with a Puerto Rico distributor, its website, and its trademark applications to Puerto Rican authorities, viewed together, indicate that Golla Oy was fully aware of its sales in Puerto Rico and actively sought to serve that market.  Hence, Golla Oy should reasonably anticipate being haled into Puerto Rico's courts should a related cause of action arise.

Golla USA, though raising a closer question, also has engaged in forum-directed activities beyond mere placement of its products into the stream of commerce.  Golla USA does not control or maintain Golla's website, Docket No. 53-1, ¶ 18, nor is there any evidence that Golla USA was heavily involved in the trademark applications before the Puerto Rico Department of State.  But Heli Siljamaki, who became Sales Director for Golla USA, did contact a T-mobile Manager in August 2009 to find out how many T-mobile stores were located in Puerto Rico.  Docket No. 80-3, at 2.  Moreover, Siljamaki in 2010 contacted a T-mobile employee to inquire about placing their new products in Puerto Rico.  *Id.* at 4.  Golla USA's contacts are consistent with Golla Oy's intentions to serve

---

[2] Likewise, it is also irrelevant that the filing of a trademark application does not constitute infringement.  Whether the application itself is infringement is an issue on the merits and does not go to the precedent jurisdictional question at issue here.  In this inquiry, the application to Puerto Rico's State Department simply serves as evidence of intent to serve the Puerto Rico market.

the Puerto Rico market.  Therefore, I find Golla Oy and Golla USA's Commonwealth-related activities are such that they purposefully availed themselves of the privilege of conducting activities in Puerto Rico.

### C.      Reasonableness

Once plaintiff has established minimum contacts between the defendant and the forum state, it must be shown that exercising jurisdiction is reasonable. *Burger King*, 471 U.S. at 477.  In this inquiry, the court considers the "gestalt" factors: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.  *Id.*; *Adelson*, 510 F.3d at 51.  The First Circuit has noted that where minimum contacts exist, the gestalt factors generally will not preclude jurisdiction. *Cambridge Literary*, 295 F.3d at 66.

The first factor—burden to defendants—does not weigh strongly against jurisdiction.  Although it is burdensome for the Finland-based Golla Oy to appear in Puerto Rico, that burden is not excessive in a constitutionally significant manner.  *Pritzker*, 42 F.3d at 64 (noting the factor is "only meaningful where a party can demonstrate some kind of special or unusual burden").  With modern transportation and electronic communication, Golla Oy's burden of appearing in Puerto Rico is little different from its burden of appearing in the Northern District of Illinois (where it seeks to transfer), or the burden of a German defendant forced to litigate in Massachusetts.  *See Cambridge Literary*, 295

F.3d at 66 (finding no impossible burden for German defendants to appear in Massachusetts, especially when they are willing to appear in New Jersey); *Benitez-Allende*, 857 F.2d at 30 (noting no special burden for Brazilian manufacturer to appear in Puerto Rico). For the same reasons, Chicago-based Golla USA's burden is not so onerous as to make it unreasonable to assert jurisdiction. *See Pritzker*, 42 F.3d at 64 (finding New York defendant's burden of appearing in Puerto Rico insignificant).

The second factor—Puerto Rico's interest in the dispute—weighs in favor of asserting jurisdiction. This factor simply considers whether Puerto Rico has an interest in the dispute and does not weigh Puerto Rico's interest against the interests of other forum states. *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 718 (1st Cir. 1996). Puerto Rico clearly has an interest in obtaining jurisdiction here where Goya is alleging trademark confusion and dilution injuries to Spanish-speaking consumers in Puerto Rico. *Nowak*, 94 F.3d at 718 ("[A] forum state has a significant interest in obtaining jurisdiction over a defendant who causes tortious injury within its borders.") Therefore, this second factor weighs in favor of jurisdiction.

The third factor—plaintiff's interest in obtaining convenient and effective relief—requires the court to give significant weight to Goya's choice of forum and GPR's interest in resolving dispute where it does business. *See id.* This factor also supports the reasonableness of asserting jurisdiction over defendants.

Similarly, the fourth and fifth factors—the judicial system's interest in obtaining the most effective resolution of the controversy and the common

interests of all sovereigns in substantive social policies—also support a finding of jurisdiction. Nothing indicates that there are other pending actions between the plaintiffs and the defendants that would counsel dismissal of this action. Moreover, this court's familiarity with Puerto Rico law and its proximity to the alleged injuries indicate that is it in the best interest of all sovereigns and the judicial system to assert jurisdiction. *See Nowak*, 94 F.3d at 719.

On balance, the gestalt factors tip in favor of exercising jurisdiction. Although it would be somewhat burdensome for the defendants to litigate in this forum, it is not so burdensome as to be "constitutionally significant." Moreover, there are important benefits to plaintiffs and the judicial system of exercising jurisdiction here so as to avoid litigation of local harms in a foreign forum. Therefore, the court can and should exercise specific personal jurisdiction over the Golla defendants.

## III.    Venue

Golla Oy and Golla USA both contend that venue is improper in the District of Puerto Rico. Goya argues that venue is proper under 28 U.S.C. § 1391(b)(1), on the basis that defendants reside in this district, or under § 1391(b)(2), because a substantial part of the claim arose in Puerto Rico.

Under 28 U.S.C. § 1391(b), in a federal civil action, venue lies in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .

For venue purposes, § 1391(c)(2) provides that a corporate defendant shall be deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2); *see Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 11 n.6 (1st Cir. 2009).  Because I previously found that Golla Oy and Golla USA are subject to personal jurisdiction in Puerto Rico, it follows that Golla Oy and Golla USA also reside in this district for venue purposes.  However, defendant Best Buy Stores, L.P. is a Virginia corporation with its principal place of business in Minnesota.  Compl., ¶ 9.  The parties have not addressed whether Best Buy is subject to this court's jurisdiction.  Therefore, I will determine whether venue is proper under § 1391(b)(2).

When determining venue under § 1391(b)(2), the First Circuit takes a "holistic view of the acts underlying a claim."  *Astro-Med*, 591 F.3d at 12.  The court looks "not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim."  *Id.* (quoting *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)).  Specifically, in trademark infringement suits, courts have focused on "the absence or presence of advertising and sales in the district."  *Gary Scott Int'l, Inc. v. Baroudi*, 981 F. Supp. 714, 718 (D. Mass. 1997) (finding venue proper in Massachusetts, where defendant sold its products and advertised through its internet website).

*Uffner v. La Reunion Francaise* is also instructive.  In *Uffner*, the plaintiff filed an insurance claim after his yacht caught fire and sank off the coast of Puerto Rico.  244 F.3d at 40.  The insurance company denied his claim, after

which the plaintiff sued in the District of Puerto Rico.  *Id.*  The district court
dismissed for lack of personal jurisdiction and improper venue.  *Id.*  On appeal,
the court held that although the sinking of the boat was the only event that
occurred in Puerto Rico (a fact not in dispute), that loss-causing event alone
sustained a finding that a "substantial" part of the events occurred in Puerto
Rico.  *Id.* at 43.

Similarly here, a substantial part of the events giving rise to Goya's
trademark infringement claim occurred in Puerto Rico.  Golla's allegedly
infringing products are sold here.  Docket No. 19-2.  Golla advertises its products
to some extent in Puerto Rico when its website has a listing of Puerto Rico
retailers.  Docket No. 19-1.  Golla Oy's sought to avail itself of Puerto Rico's
trademark protections when it filed trademark applications with the Department
of State.  Docket No. 19-3.  And Goya alleges trademark infringement harms are
borne by Spanish-speaking consumers in Puerto Rico.  Key events underlying
Goya's trademark infringement suit occurred here.  The fact that venue may be
proper in other districts does not detract from the appropriateness of laying
venue here.  *See Uffner*, 244 F.3d at 42.  Thus, venue is properly laid in this district
pursuant to § 1391(b)(2).

## IV.     Insufficient Service of Process

Golla Oy in its original motion raised insufficient service of process as a
basis for dismissal.  Docket No. 12, at 5–7.  They argued that service on Arthur J.
Debaugh, Golla Oy's attorney and domestic representative for its trademark
application before the United States Patent and Trademark Office, was not in

accordance with Rule 4 of the Federal Rules of Civil Procedure because Debaugh
is not an officer, a managing or general agent, nor an agent authorized to receive
service of process for Golla Oy.   A plaintiff has 120 days after the issuance of
summons to serve the defendant.   Fed. R. Civ. P. 4(m).   The original complaint
was filed on October 11, 2012.   Golla Oy was properly served on January 31, 2013
via personal delivery to a Golla Oy agent authorized to receive service in
Chicago, Illinois.   Docket No. 26.   I find that service was effected within the time
limit set out in Rule 4(m) and the issue is now moot.

## V.     Motion to Transfer

Golla USA seeks to transfer this case to the Northern District of Illinois
pursuant to 28 U.S.C. § 1404(a). That section provides that "[f]or the convenience
of parties and witnesses, in the interest of justice, a district court may transfer
any civil action to any other district or division where it might have been
brought." 28 U.S.C. § 1404(a). The decision to transfer pursuant to section 1404 is
within the discretion of the court, *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735,
737 (1st Cir. 1977), and the burden of proving that a transfer is warranted rests
with the defendant.   *Fairview Mach. & Tool Co. v. Oakbrook Int'l, Inc.*, 56 F. Supp.
2d 134, 141 (D. Mass. 1999) (internal citation and quotation omitted).    A
reviewing court must balance several factors, including convenience to the
parties and witnesses, the availability of documents, and the interests of justice.
*Id.* "Because there is a presumption in favor of the plaintiff's choice [of forum],
transfer is not appropriate where its effect is merely to shift the inconvenience

from one party to the other." *Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 125 (D. Mass. 2000).

Bypassing the question of whether plaintiffs could have brought this suit in the Northern District of Illinois, I consider the various factors in turn.

## A.    Convenience to Parties

This factor weighs slightly against transfer.  While transfer to Illinois may be convenient for the Chicago-based Golla USA and its parent company, Golla Oy, all other parties are based outside of Illinois.  GFI is a Delaware corporation based in New Jersey, while Best Buy is a Virginia corporation based in Minnesota.  The remaining two parties are Puerto Rico companies. Moreover, because the case alleges trademark confusion and dilution injuries borne by Spanish-speaking consumers in Puerto Rico, *see* Compl., ¶¶ 43–52, the case will ultimately center on factual issues concerning local channels of trade, methods of advertising, classes of purchasers, and actual confusion in this district. *See generally Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 482 (1st Cir. 1981). All sides will have plenty of factual development to do here.  And Golla USA has failed to explain how transfer would be more convenient for *all* parties in light of such localized fact questions.

## B.    Convenience to Witnesses and Availability of Evidence

This second factor also weighs slightly against transfer.  Thus far, only one of defendants' witnesses resides in Chicago and the rest reside in Finland. Docket No. 53, at 23.  There has been no suggestion these witnesses are outside of defendants' control.  And if a party can readily produce its employees and send

evidence to the forum, their convenience is given less weight. *See Sigros v. Walt Disney World Co.*, 129 F. Supp. 2d 56, 71 (D. Mass. 2001). On the other hand, plaintiffs have not identified any specific witnesses but assert that its primary witnesses will be residents of Puerto Rico and New Jersey. Docket No. 42, at 5. Given the trademark infringement issues raised in this case, discussed above, it is plausible that a significant number of witnesses and some evidence will reside in Puerto Rico. I find this factor weighs slightly against transfer.

### C.    Interests of Justice

The interests of justice also weigh against transfer. Courts must consider public, systemic interests in deciding whether a case should move. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). "[F]amiliarity with the governing law, the local interest in deciding local controversies at home, and the relative congestion of the courts" are examples. *See Johnson v. VCG Holding Corp.*, (D. Me. 2011). This court's familiarity with Puerto Rico law weighs in favor of resolving Goya's claims (some of which are under Puerto Rico law) in this district. *Johnson*, 767 F. Supp. 2d at 217. More importantly, defendants have demanded a jury trial in this case. A jury will have to determine whether trademark confusion in fact occurs in this district. And Golla USA has failed to explain why a Chicago jury should be burdened with contemplating what Spanish-speaking consumers in Puerto Rico think about Goya and Golla. Hence, Puerto Rico's interest in resolving local harms in a local court counsels against transfer. *See McEvily v. Sunbeam-Oster Co., Inc.*, 878 F. Supp. 337, 348 (D.R.I. 1994) (granting transfer in part based on Florida's local interest in the suit and the fairness of having a

Florida jury decide the case). Finally, while docket congestion is a proper factor to consider, Golla USA's claim that transfer is warranted because the docket in the Northern District of Illinois is less congested is entitled to little weight. *DCA Food Indus. Inc. v. Hawthorn Mellody, Inc.*, 470 F. Supp. 574, 586 (S.D.N.Y. 1979) (declining transfer motion when defendants simply assert its own inconvenience and docket congestion concerns).

In light of all other factors counseling against transfer, I find that defendant has failed to overcome its burden of persuasion and conclude that transfer to the Northern District of Illinois is unwarranted.

## CONCLUSION

For the foregoing reasons, defendant Golla USA's motion to transfer is **DENIED**. Furthermore, I recommend that defendants' motions to dismiss for lack of personal jurisdiction and improper venue be **DENIED**. Defendant Golla Oy's motion to dismiss based on improper service is **DENIED AS MOOT**.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30-31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

Goya Foods, Inc. v. Golla Oy, Civil No. 12-1859 (GAG/BJM)                              23

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 21st day of August, 2013.


                                        *S/ Bruce J. McGiverin*
                                        BRUCE J. McGIVERIN
                                        United States Magistrate Judge